IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIOVONNI SHELTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2190-L-BW |
| | § | |
| PARKLAND HEALTH, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

On October 10, 2025, the Court entered an order requiring Attorney Bridget Davidson, counsel for Plaintiff in this action, to show cause whether the Court should impose sanctions. (Dkt. No. 50.) Davidson filed her response to the order on October 12. (Dkt. No. 51.) Defendant Parkland Health filed its response and supporting appendix on October 24. (Dkt. Nos. 56, 57.) Davidson was given an opportunity to file a reply but did not do so. (*See* Dkt. No. 50 at 5.)

During the briefing period on the order to show cause, the parties entered into a settlement agreement and filed a joint stipulation of dismissal. (Dkt. Nos. 54, 58.) Notwithstanding resolution of the dispute between the parties, the Court retains jurisdiction to resolve the matter of attorney discipline. *See Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394–95 (5th Cir. 2020) (referring to "well-established law that a court can award attorney's fees after a voluntary dismissal"); *see also Yeckel v. The Carl B. and Florence E. King Foundation Retirement Pension Plan and*

---

[1] United States District Judge Sam A. Lindsay referred the case to the undersigned magistrate judge for pretrial management. (Dkt. No. 20.)

*Welfare Benefit Program*, No. 3:06-CV-105-D, 2006 2434313, at *7 n.17 (N.D. Tex. Aug. 21, 2006) (citing *Cooter & Gell v. Hartmax*, 496 U.S. 384, 395-96 (1990)).

I.

Davidson filed this action on behalf of Plaintiff Giovonni Shelton, alleging that Defendant Parkland Health discriminated against Shelton in her employment based on her pregnancy and retaliated against her.  (*See* Dkt. No. 10.)  On September 19, 2025, Davidson filed a Motion for Summary Judgment on Defendant's Affirmative Defenses, a brief in support, and an appendix.  (Dkt. Nos. 39, 40 ("Br."), 41.)  On October 3, Davidson filed a First Amended Brief in support of the summary judgment motion.  (Dkt. No. 42 ("Am. Br.").)  Davidson did not seek leave to file the amended brief or otherwise explain the reasons for amending the brief.

Two days later, on Sunday, October 5, Shelton filed a motion seeking leave to file the amended brief that she had already filed, stating that the amendment was made to "address deficiencies per her counsel's conferences with Defendant's counsel."  (Dkt. No. 43 at 1.)  In that motion, Davidson reported that she delegated part of the research and drafting for the summary judgment brief to another person—either an attorney or law student intern—and acknowledged that she did not personally check the accuracy of each legal citation before filing it.  (*Id.*)  Once Parkland's counsel brought errors in the brief to her attention, Davidson promptly filed an amended brief and then asked the Court to consider it as having been filed with leave of court.  (*Id.* at 1-2.)

Parkland responded to Shelton's motion for leave with additional information. (Dkt. No. 45.) Attorneys representing Parkland explained that they suspected Shelton's original summary judgment brief was prepared using generative artificial intelligence ("GAI"), pointing out that several of the cases cited either did not support the legal proposition for which they were used or did not exist at all. (*Id.* at 3.) Parkland submitted email correspondence showing that, on September 30, Parkland's attorney informed Davidson of several errors in her brief. (Dkt. No. 46-1.) Counsel shared her suspicions that Davidson prepared the brief using GAI and brought to Davidson's attention the court's local rule requiring disclosure of the use of GAI in the preparation of any brief. (*Id.*) Parkland's counsel gave Davidson until Friday, October 3 to provide an explanation before she would notify the Court herself. (*Id.*) Davidson did not file a reply in support of the motion for leave despite having the opportunity to do so. (*See* Dkt. No. 47.)

The Court expressed concern about Davidson's conduct in the October 10 order. (Dkt. No. 50 at 4.) Specifically, it identified the following questions implicated by the facts before it: (1) whether, by signing pleadings filed in this case, Davidson falsely certified that, to the best of her knowledge, information, and belief, *formed after a reasonable inquiry*, the legal contentions in the brief were warranted by existing law or by a nonfrivolous extension or modification of law; (2) whether, by operation of N.D. Tex. L. Civ. R. 7.2(f)(3), Davidson twice—on September 19 and October 3—falsely certified that no part of a filed brief was prepared using GAI; and

(3) whether Davidson's conduct in this matter breached her duty of candor toward the Court. (Dkt. No. 50 at 4.)[2]

In her response to the order to show cause, Davidson attributes the use of GAI to a newly licensed associate attorney who formerly worked remotely for her law firm. She avers that she equipped the associate with access to her Lexis account and had no suspicion that the associate used GAI to prepare the brief, focusing her review of the draft on the writing style and the application of law to the evidence without checking the accuracy of each of the cases cited. (Dkt. No. 51 at 1-3.) Davidson submits that her reliance on the associate attorney satisfied the duty of reasonable inquiry imposed by Rule 11(b)(3)—at least until errors were brought to her attention. (*Id.* at 3.) She further represents that she did not knowingly file a brief prepared using GAI without disclosing it per court rules and that she acted in good faith to remedy the errors once she was made aware of them. (*Id.* at 3-4.)

In its response, Parkland argues that Davidson's unverified assumption that the associate attorney used her Lexis account to prepare the brief instead of GAI does not meet Rule 11(b)(3) standards. (Dkt. No. 56 at 1-2.) It further contends that Davidson violated Local Rule 7.2(f) by failing to disclose the use of GAI and that sanctions are appropriate based on her failure to disclose the "true reason" for amending the brief. (*Id.* 2.) Although Parkland asserts that "[s]anctions are also

---

[2] The Court granted Shelton's motion for leave and deemed her amended brief as having been filed with leave of court.

warranted to compensate Parkland Health for the substantial expense incurred in analyzing Plaintiff's defective brief, conferring with Davidson regarding the brief, responding to the Motion for Leave, and preparing th[e] response to the Show Cause Order" (*id.* at 2-3), it does not specify the amounts of time it spent or costs it incurred in responding to Davidson's conduct.

## II.

Federal Rule of Civil Procedure 11(b)(2) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"

A lawyer who signs a brief "violates Rule 11 if [she] fails to conduct a reasonable inquiry into the law and facts underlying [her] motion[.]" *Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999). "[I]n determining compliance *vel non* with each obligation [imposed by the rule], 'the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances.'" *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc) (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)). "An attorney's good faith is [not] enough to protect [her] from Rule 11 sanctions." *Childs*, 29 F.3d at 1024.

III.

The number of judicial decisions decrying the problems associated with legal briefs prepared using GAI is substantial and growing weekly. *See, e.g.*, *Mattox v. Prod. Innovations Research, LLC*, ___ F. Supp. 3d ___, 2025 WL 3012828, at *6-7 (E.D. Okla. Oct. 22, 2025); *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341 (E.D.N.Y. 2025); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023). The Court need not amplify the burgeoning chorus here. Suffice it to say that "[f]or some time, it has been well known—and well-publicized—that generative AI tools 'hallucinate' fake cases." *Green Bldg. Initiative, Inc. v. Peacock*, No. 3:24-CV-298-SI, 2025 WL 3002143, at *2 (D. Or. Oct. 27, 2025). An ethical use of GAI tools obligates counsel to "ensure that the legal propositions and authority generated are trustworthy" and "check all the cases and quotations for accuracy." *ByoPlanet Int'l, LLC v. Johansson*, ___ F. Supp. 3d ___, 2025 WL 2091025, at *2 (S.D. Fla. July 17, 2025). Attorneys who do less and imprudently rely on GAI tools to create legal filings diminish the legal profession. *See id.* When it is discovered, their indolence slows court proceedings and saddles opposing parties and courts with the time costs and other burdens associated with detecting and responding to the errors. The irresponsible use of GAI-prepared filings has often led courts to impose sanctions. *See, e.g.*, *Johnson v. Dunn*, ___ F. Supp. 3d ___, 2025 WL 2086116, at *19-20 (S.D. Ala. July 23, 2025) (collecting cases).

The Court first considers whether Davidson should be sanctioned for filing the problematic brief on September 19. Davidson represents that she accepted a draft

from a newly licensed attorney whom she equipped with Lexis access,[3] she did not review each case cited in the draft, and she was completely unaware that it was prepared using GAI. (Dkt. No. 51 at 1-2.) The Court accepts her representation that she was unaware the legal citations in the original brief were produced using GAI. Although that does not insulate her from sanctions, *see Johnson*, 2025 WL 2086116, at *20 ("At least some . . . courts have sanctioned law firms and/or lawyers who were unaware of the AI misuse in real time"), it does enable the Court to find that she did not willfully violate N.D. Tex. L. Civ. R. 7.2(f)(3) by filing that brief.

Whether Davidson satisfied her duty of reasonable inquiry under Rule 11(b), however, is a different matter. Davidson was at least negligent when she accepted a draft from a newly minted lawyer without checking the legal citations, especially in light of the proliferation of GAI tools. While Davidson acknowledges that she did not check "each of the citations" (Dkt. No. 43 at 1), she does not assure the Court that she checked *any* of them. And her response to the show cause order reveals that she never cautioned her associate on, or created a policy about, the use of GAI.[4] *See Mattox*, 2025 WL 3012828, at *6 (noting firm's lack of policy governing AI use). Additionally, the original brief contained red flags that should have signaled to a

---

[3] More precisely, Davidson avers that she "provided [her] first associate with her secondary Lexis log-in to perform research and *believed* she did to the second as well." (Dkt. No. 51 at 1 (emphasis added).) The Court appreciates Davidson's precision with respect to this representation, and her uncertainty on the matter should prompt her to improve and standardize her supervision of associated attorneys in the future.

[4] (*See* Dkt. No. 51 at 3 ("This was a case of Davidson not knowing what her associate did not know – that an attorney cannot rely on artificial intelligence for legal research.").)

conscientious reviewer that additional inquiry was warranted. For example, the original brief cited a Fifth Circuit decision in an unconventional manner: *Hamilton v. Dallas County*, No. 21-10133 (5th Cir. 2023). (*See* Br. at 6.)[5] At least some attention to the legal citations was called for. These circumstances in their totality lead the Court to conclude that Davidson did not satisfy her obligation to make a reasonable inquiry before filing the original brief. *See* Fed. R. Civ. P. 11(b)(2).

Davidson's subsequent filings add to the Court's concerns, particularly with respect to her adherence to Local Rule 7.2(f) and her duty of candor. When an attorney uses GAI to prepare a brief filed in this Court, a local rule requires a conspicuous disclosure. *See* N.D. Tex. L. Civ. R. 7.2(f)(1) ("A brief prepared using generative artificial intelligence must disclose this fact on the first page under the heading 'Use of Generative Artificial Intelligence.'").) The absence of such disclosure operates as a certification that "no part of the brief was prepared using generative artificial intelligence." N.D. Tex. L. Civ. R. 7.2(f)(3).

Davidson, whose practice is based in Houston, suggests that a lack of deep knowledge of this Court's rules contributed to the problem. (*See* Dkt. No 51 at 3-4.) But on October 3, after Parkland's attorney specifically pointed Davidson to that rule, Davidson filed what was largely the same brief. Davidson fixed the problematic

---

[5] A seasoned employment litigator possibly might have recognized too that this important en banc decision in that practice area involved Rule 12 rather than the summary judgment standards for which it was cited. *See Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) (en banc). (*See also* Br. at 6.) But the Court does not consider the failure to recognize this as blameworthy.

legal citations, but the two briefs are otherwise practically identical in substance. When Davidson filed the amended brief, she knew the original had been prepared using GAI. Yet, fully aware of Local Rule 7.2(f), she filed the amended brief without any disclosure and, in doing so, certified that "no part" of the amended brief was prepared using GAI. *See* N.D. Tex. L. Civ. R. 7.2(f)(3). It is possible that Davidson's revisions to the draft that became the original filed brief were so substantial that she knew with complete confidence that only its legal citations could have been prepared using GAI. The Court is skeptical. In the absence of such confidence, Davidson probably should have disclosed the use of GAI when she filed the amended brief.

  Part of the Court's skepticism is rooted in what appear to have been efforts to avoid transparency about the problem that led to the amended brief. *See Mattox*, 2025 WL 3012828, at *5 (considering whether "counsel promptly disclosed the use of AI and corrected the record once inaccuracies were discovered"). Davidson asserts that she "admitted to her mistakes in her . . . motion for leave" filed on October 5. (Dkt. No. 51.) Davidson did confess a mistake, and the Court does not find that she made affirmative misrepresentations. But Davidson minimized the issue, doing so out of an apparent hope that it might go unnoticed by the Court. Davidson filed the amended brief without leave of court and without any explanation.[6] Two days later, Davidson approached in a self-proclaimed posture of

---

[6] Davidson contends that she filed the amended brief as quickly as possible to maximize the time Parkland had the brief before its response was due, and then she

"full disclosure to the Court" (Dkt. No. 43 at 1) and acknowledged that "a portion of the research and drafting" had been delegated to a newly licensed attorney or law student intern and that the brief had "citations . . . that were not accurate," (*id.*). This admission was something less than "full disclosure"—Davidson did not disclose that she had filed, inadvertently or otherwise, a brief containing nonexistent cases that were hallucinated by GAI. Davidson's attempt to fix the brief with an opaque disclosure and, at least initially, without leave of court is inconsistent with the degree of candor that is expected.

When considering sanctions under Rule 11, the Fifth Circuit instructs district courts to "utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (en banc)). Judicial admonition can be a sufficient sanction in some circumstances. *See id.* The Court finds that it is appropriate here. Davidson's conduct in filing the problematic brief, albeit sanctionable, does not appear to have been malicious. Additionally, the Court is unaware of any prior instances of similar conduct by her. Davidson's errors have unjustifiably burdened Parkland and the Court by necessitating investigation, remedial briefing, and orders,

---

followed up days later with the motion for leave. (*See* Dkt. No. 51 at 2.) The Court is not persuaded. Compared to the days needed to fix the brief, the time required to prepare the two-page motion for leave would have been miniscule. Even so, if Davidson was motivated by a desire to deliver the fixed brief to Parkland as quickly as possible, it could have sent the fixed brief directly to Parkland and then prepared the motion for leave to comply with court rules before filing.

among other ways. Nonetheless, Parkland has not attempted to establish a precise cost incurred as a direct result of Davidson's errors, and, the case now having been settled by the parties, the Court declines to prolong the matter by further examining the prejudice and enhancing the costs resulting from Davidson's mistake.

IV.

The Court reprimands Bridget Davidson for filing a brief containing nonexistent legal citations without making an inquiry that would have been reasonable under the circumstances. *See* Fed. R. Civ. P. 11(b)(3). The Court enters no further orders on this matter.

**SO ORDERED** on November 10, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE